UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGELIO MAY RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. LEVYA, et al.,<br><br>　　　　　Defendants. | No. 1:20-cv-00561-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 2, 8, 13) |

　　　　Plaintiff Rogelio May Ruiz is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2020, plaintiff commenced this action by filing a complaint (Doc. No. 1) and a motion to proceed *in forma pauperis* (Doc. No. 2). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 21, 2020, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's application to proceed *in forma pauperis* be denied and that he be required to pay the $400.00 filing fee in full to proceed with this action because: (1) he is subject to the three strikes bar under 28 U.S.C. § 1915(g); and (2) the allegations of plaintiff's complaint do not satisfy the "imminent danger of serious physical injury" exception to § 1915(g). (Doc. No. 8 at 2–4.) Those findings and recommendations were served on plaintiff and contained

notice that any objections thereto were to be filed within twenty-one (21) days after service. (*Id.* at 4.) On May 18, 2020, plaintiff filed objections to the pending findings and recommendations. (Doc. No. 13.)

In his objections to the pending findings and recommendations, plaintiff does not address the magistrate judge's finding that the allegations set forth in plaintiff's complaint are insufficient to trigger the "imminent danger of serious physical injury" exception under § 1915(g). Rather, plaintiff asserts that the dismissal orders relied upon in the findings and recommendations were "an injustice" and accordingly requests reconsideration of those dismissals because he was unable to understand the proceedings and he did not have access to his legal documents. (*Id*. at 3–6.) Plaintiff's request—that the court in this action reconsider dismissal orders in plaintiff's other actions—is an impermissible collateral attack on those judgements, *see Hoffman v. Pulido*, 928 F.3d 1147, 1150-51 (9th Cir. 2019). In addition, the undersigned has reviewed the dockets in the three district court cases that the magistrate judge determined qualify as strike dismissals, and plaintiff did not file a Rule 60(b) motion for reconsideration in any of them. Moreover, plaintiff appealed only one of those dismissal orders to the Ninth Circuit, which subsequently dismissed plaintiff's appeal as frivolous. (*See* Doc. No. 8 at 3.) Indeed, the magistrate judge found that that Ninth Circuit dismissal order qualified as a prior strike as well. (*Id*.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the undersigned has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the undersigned concludes that the findings and recommendations are supported by the record and proper analysis.[1]

Plaintiff also requests that the court appoint counsel to represent him in this action and to interpret for him because plaintiff only speaks Spanish and "can't litigate or understand [] court rules or terminology." (Doc. No. 13 at 1.) However, plaintiff's request is premature because he

---

[1] The undersigned notes that the findings and recommendations relied upon four prior cases that were dismissed and counted all of them as strikes under 28 U.S.C. § 1915(g). The undersigned disagrees with the magistrate judge's conclusion that the dismissal in *Ruiz v. McGuire*, 3:16-cv-0388-AJB-BLM, (S.D. Cal. May 9, 2016) constitutes a strike under § 1915(g). However, because the court agrees that the other three dismissals count as strikes, the analysis and conclusion remain the same.

has not yet complied with the requirements of § 1915 to proceed with this action.  Accordingly, the court will deny plaintiff's request for appointment of counsel, without prejudice to plaintiff refiling his request after he pays the required filing fee to proceed with this action.

Accordingly:

1. The findings and recommendations issued on April 21, 2020 (Doc. No. 8), are adopted;

2. In accordance with 28 U.S.C. § 1915(g), plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is denied;

3. Within twenty-one (21) days following service of this order, plaintiff shall pay the $400.00 filing fee in full to proceed with this action;

4. Plaintiff's failure to pay the filing fee within the specified time will result in the dismissal of this action;

5. Plaintiff's request for appointment of counsel (Doc. No. 13) is denied without prejudice; and

6. This matter is referred back to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:  **June 3, 2020**

UNITED STATES DISTRICT JUDGE